## J. A. BENTLEY LUMBER CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 12837.

United States Court of Appeals
Fifth Circuit.

March 11, 1950.

642

LeDoux R. Provosty, Alexandria, La., for petitioner.

Robert Todd McKinlay, Atty., NLRB, Washington, D. C., David P. Findling, Assoc. Gen. Cnsl., NLRB, Washington, D. C., A. Norman Somers, Asst. Gen. Cnsl., NLRB, Washington, D. C., for respondent.

Before HOLMES, WALLER, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The J. A. Bentley Lumber Company petitions this Court to set aside an order of the National Labor Relations Board which directed it to reinstate and make whole in back pay two employees whom the Board found were illegally discharged and thereafter improperly denied reinstatement, and to cease and desist from specified unfair labor practices. In response the Board asks enforcement of its order.[1]

The petitioning lumber company assails the Board's order *in toto* and in material particulars upon the ground that the Board's findings and conclusions are without the support of substantial evidence, on the record considered as a whole, and therefore without basis in law. Petitioner further contends the Board erred in overruling its motion to dismiss the complaint.

We conclude that there are no valid grounds for setting aside the Board's findings and order and, as legally consequent, that the Board's prayer for enforcement of its order should be granted.

■ The lumber company's motion to dismiss the complaint is not meritorious. There was no showing made that the labor organization was not in compliance with the statute by failure to file financial state-

ment required prior to the institution of the complaint.[2] In fact, the only showing now relied upon by the petitioner is a statement from the Board that compliance would be required before complaint was instituted. The charge was filed prior to the amendment to the Act requiring such financial statement. That the charge, alleging illegal discharges in March and April of 1946, and filed August 25, 1946, was dismissed "without prejudice," August 15, 1947 and was reinstated by the Regional Director May 28, 1948 when it was ascertained that the dismissal resulted from an administrative error, the nature of which appears from the record, does not require the complaint's dismissal. Petitioner alleges that it was "lulled into a false sense of security," but fails to show legal prejudice resulting from the reinstatement of the charge. The lapse of two years between the filing of the charge and the filing of the complaint upon which is predicated the petitioner's claim of laches preventing further proceedings, is likewise without merit. Phelps Dodge Corp. v. N. L. R. B., 2 Cir., 113 F.2d 202, affirmed 313 U.S. 177, 200, 61 S.Ct. 845, 85 L. Ed. 1271, 133 A.L.R. 1217.

■ Upon consideration of the record we conclude that the findings and order of the Board are supported by substantial evidence. While there are conflicts in the testimony, the findings of the Board that these employees were discharged and refused reinstatement because of their refusal to abandon the strike by proceeding to work, is amply supported by the facts and circumstances surrounding the termination of employment of Goodwin and Johnson. There was clearly no quitting by them except in the sense that they refused to work as demanded during the continuance of the strike. Neither this, nor the action of the petitioner in assuming this to be unjustified and thereupon discharging them, as found to be the facts by the Board, effected a legal termination of employment. N. L. R. B. v. MacKay Radio & Telegraph Co., 304 U.S. 333, 347, 58 S. Ct. 904, 82 L.Ed. 1281; N. L. R. B. v.

Gulf Public Service Co., 5 Cir., 116 F.2d 852, 855. Petitioner's entire case is dependent in substance upon its contention that there was no discharge of the employees but that they quit their employment. With this ruled against it, its case falls. It is true that for economic reasons, and as found by the Board, the petitioner moved its lumber camp and rearranged its trackage, but there is substantial support for the Board's determination that following the termination of the strike the company reinstated each employee for whom it had a need in the changed operations, according to his seniority, and that Goodwin and Johnson were not listed for seniority because of the claim that they had "quit their jobs," while if properly listed as were others their seniority would have entitled them to the same or substantially equivalent positions, held before the strike and change of operations.[3]

The Board was not required to find that Goodwin had lost his seniority as a result of a temporary stoppage of work of indefinite duration at some time not definitely shown, since as found, there was no proof that such temporary cessation of employment had been generally treated as affecting the seniority of rank of petitioner's employees.

The conclusion of the Board that the discharge and refusal to reinstate Goodwin and Johnson by the petitioner interfered with the exercise by the employees of rights guaranteed by section 7 of the Act,[4] and constituted unfair labor practices prohibited by section 8(a) (1) and 8(a) (3)[5] of the Act, is supported as a matter of fact and law.

From what we have said it follows that we do not approve the contention of the petitioner that the credit given by the Trial Examiner to the testimony of the employees where in dispute with that of the employer's officers evidences such bias as to invalidate the Board's finding.

---

3. "We also agree with the Trial Examiner's further finding that after the strike the Respondent unlawfully refused to reinstate these two employees to their former or substantially equivalent position because of their concerted activity. We are convinced by the record as a whole that but for the complainant's refusal to abandon their concerted activity as requested by the Respondent, they would have been continued in the Respondent's employ in their former positions, or at least in substantially equivalent ones, notwithstanding the abandonment of a certain section of the track. The Respondent wrongfully severed the complainants' employment during the strike and it is apparent that they were thereby prejudiced in the filling of available positions after the strike. Thus, the reduction of trackage did not adversely affect the employment of a bridge foreman who had worked on the abandoned track, as he was transferred, in accordance with asserted company policy, to the main line. In contrast, Robert Johnson, section foreman on the abandoned track, was given no consideration after the strike for employment as a section foreman on the main line, notwithstanding the fact that he had 20 years' seniority and the other section foreman, who was not discharged during the strike, had been employed by the Respondent for only 'several years.'

Similarly, Goodwin, the engineer on the abandoned track, was not reinstated after the strike to one of the two remaining engineer positions. Like the Trial Examiner, we are not convinced that the alleged short break in Goodwin's service prior to the strike was the operative reason for the Respondent's refusal to reinstate him. At the time Goodwin and Johnson were actually denied reinstatement, the reason assigned was simply that their jobs had been abolished, without any intimation that pre-strike seniority was considered in allocating available positions; at the hearing and in its brief, this latter point was raised by the Respondent for the first time and then only as to Goodwin. Aside from a deficiency in proof that he had less seniority than the other engineers, the spurious nature of the contentions is further indicated by the Respondent's attempt to rely on it in the case of Goodwin, but not as to Johnson. It is also significant that in allocating available work after the strike, the Respondent elected to continue as an engineer one Hager, who worked in that capacity during the strike, but, according to an admission by one of the Respondent's witnesses, was not a regular engineer prior to the strike."

4. 29 U.S.C.A. § 157.

5. 29 U.S.C.A. § 158(a) (1, 3).

644

■ The requirement that the employer offer Goodwin and Johnson full reinstatement and make them whole for any loss of pay suffered, determined necessary by the Board to effectuate the policies of the Act, is in this case legally authorized.

The petition to set aside the order of the Board is denied, and the petition for enforcement of the order is granted.