## LOVE *v.* PULLMAN CO.

No. 70–5033.   Argued November 16, 1971—
Decided January 17, 1972*

*Hugh J. McClearn* argued the cause for petitioner in No. 70–5033.  With him on the brief was *Gail L. Ireland*.  *Deputy Solicitor General Wallace* argued the cause for the United States et al.  With him on the brief were *Solicitor General Griswold, Acting Assistant Attorney General Norman, David L. Rose, Stanley Hebert,* and *Julia P. Cooper*.

*Edward C. Eppich* argued the cause and filed a brief for respondent in both cases.

---

*Together with No. 70–37, *United States et al.* v. *Pullman Co.*, also on certiorari to the same court.

*Nathaniel R. Jones* filed a brief for the National Association for the Advancement of Colored People as *amicus curiae* urging reversal in No. 70–5033.

MR. JUSTICE STEWART delivered the opinion of the Court.

A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253,[1] may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief. In this litigation the petitioner employee filed a complaint in the United States District Court for the District of Colorado, alleging that his employer, the respondent Pullman Company, had engaged in employment practices violative of Title VII. The court dismissed the complaint, holding that the statutory prerequisites to the maintenance of the suit had not been met. The Court of Appeals affirmed, 430 F. 2d 49, and we granted certiorari to consider the question of federal law presented. 401 U. S. 907.

The petitioner was employed by the Pullman Company as a "porter-in-charge." In 1963 and again in 1965, he complained to the Colorado Civil Rights Commission, alleging that the porters-in-charge, most of whom, like the petitioner, were Negroes, performed the same functions as conductors, most of whom were white, yet at lower pay. The proceedings of the Colorado Commission terminated in 1965 without reaching a resolution of the controversy satisfactory to the petitioner. On May 23, 1966, the Equal Employment Opportunity Commission received from the petitioner a "letter of inquiry" which complained of this same alleged discrim-

---

[1] §§ 701–716 (c), 42 U. S. C. §§ 2000e to 2000e–15.

ination. In accord with its usual practice,[2] the Commission treated this letter as a complaint but did not formally file it. Instead, to insure compliance with Title VII's procedural requirements, EEOC orally advised the Colorado Commission that it had received a complaint from the petitioner. By letter of June 1, 1966, the Colorado Commission informed EEOC that it waived the opportunity to take further action on the petitioner's grievance, and the EEOC then proceeded with its own investigation. The investigation resulted in a finding of probable cause to believe that the charge of discrimination was true, but the EEOC was unsuccessful in its attempts to obtain Pullman's voluntary compliance. This lawsuit followed.

The basis for the holding of the Court of Appeals was its finding that the charge of discrimination had not been "filed" with EEOC by the petitioner in conformity with the requirements of the Act.[3] Two such requirements are critical here. Section 706 (b) of the Act, 42 U. S. C. § 2000e–5 (b), provides that where there exists a state or local agency authorized to grant or seek relief against

---

[2] Title 29 CFR § 1601.11 (b) (1971) provides:

"[A] charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. . . ."

[3] The Court of Appeals first adopted the reasoning of the District Court: The state commission had terminated the proceedings initiated by petitioner in July 1965, and petitioner failed to complain to the EEOC within the 30-day time period prescribed in § 706 (d), 42 U. S. C. § 2000e–5 (d). Regarding this statutory time requirement as jurisdictional, the District Court dismissed the complaint. When the Government entered the case on a petition for rehearing to the Court of Appeals, it pointed out that Title VII had not gone into effect at the time of the events underlying petitioner's applications to the state commission. Thus, the state commission's termination of proceedings in 1965 did not toll the 30-day period for appeal to the EEOC.

employment discrimination, "no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . ." Section 706 (d), 42 U. S. C. § 2000e–5 (d), requires that the complaint to the EEOC "shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . ."

The EEOC takes the position that these requirements were fulfilled by the procedure followed here, whereby a charge filed with the EEOC prior to exhaustion of the state remedy was referred by it to the state agency, and then formally filed once the state agency indicated that it would decline to take action. The Court of Appeals, on the other hand, regarded this procedure as a "manipulation of the filing date," not contemplated or permitted by the statute or by the EEOC regulations then in force.

We hold that the filing procedure followed here fully complied with the intent of the Act, and we thus reverse the judgment of the Court of Appeals. Nothing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself, nor is there any requirement that the complaint to the state agency be made in writing rather than by oral referral.[4]

---

[4] Respondent cites the following language of § 706 (b), 42 U. S. C. § 2000e–5 (b):

"If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been

Further, we cannot agree with the respondent's claim that the EEOC may not properly hold a complaint in "suspended animation," automatically filing it upon termination of the state proceedings.[5]

We see no reason why further action by the aggrieved party should be required. The procedure complies with the purpose both of § 706 (b), to give state agencies a prior opportunity to consider discrimination complaints, and of § 706 (d), to ensure expedition in the filing and handling of those complaints. The respondent makes no showing of prejudice to its interests. To require a second "filing" by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality.[6]

---

commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority."

Nothing in this language implies that a state proceeding may not be commenced by an oral complaint; the statute guards against state proceedings that are difficult to commence, not against ones that are easily begun.

[5] The Court of Appeals expressed concern that if EEOC could ignore the requirement of 29 CFR § 1601.11 (b) (1971) that a charge is deemed filed when received, it could file any complaint whenever it chose, thereby nullifying the various statutory time requirements. But the statutory prohibition of § 706 (b) against filing charges that have not been referred to a state or local authority necessarily creates an exception to the regulation requiring filing on receipt.

[6] See Comment, A Look at Love v. Pullman, 37 U. Chi. L. Rev. 181, 188 (1969). When a member of EEOC, rather than an aggrieved party, files a complaint with EEOC, "the Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days . . . to remedy the practice alleged." Title VII, § 706 (c), 42 U. S. C. § 2000e–5 (c). It is clear that Congress found nothing wrong, in this circumstance, with EEOC's holding the charge in abeyance until a state agency is given the chance to act. There is no reason to think that Congress would disapprove this procedure when complaints are initiated by

Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.

The judgment is

*Reversed.*

MR. JUSTICE POWELL and MR. JUSTICE REHNQUIST took no part in the consideration or decision of these cases.

---

aggrieved parties; the difference in wording between § 706 (b) and § 706 (c) seems to be only a reflection of the different persons who initiate the charge. Developments in the Law, Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv. L. Rev. 1109, 1214 n. 117 (1971).