529 F.2d 516
 13 Fair Empl.Prac.Cas. 768,
10 Empl. Prac. Dec. P 10,463
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert A. Sims, Appellant
v.
Weyerhaeuser Company et al., Appellees.
 No. 75-2133.
 United States Court of Appeals, Fourth Circuit.
 Oct. 29, 1975.
 
 Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 The plaintiff, Herbert A. Sims, filed this action against Weyerhaeuser Company and four individuals who were supervisory personnel with the company during the period of Sims' employment. Sims alleged violations of the Equal Employment Opportunity Act, 42 U.S.C. Section 2000e, charging that he was fired and otherwise discriminated against due to his race (Negro), the fact that he was a parolee, and his union affiliation. Among other things, Sims requested a three-judge panel, asked that his suit be maintained as a class action and sought damages in the amount of $400,000.00.
 
 
 2
 In substance, the litigation stemmed from Sims' conviction of theft of personal property in September of 1969 for which he was sentenced under the Youth Corrections Act. He was paroled in December of 1970 and secured employment with Weyerhaeuser which continued until he assaulted his supervisor, one of the individual defendants, at which time he was dismissed. Sims was charged with assault and his parole revoked in February of 1973. This suit was instituted in November of that year.
 
 
 3
 The defendants moved to dismiss the action, contending that the district court was without jurisdiction since Sims had not filed charges with the Equal Employment Opportunity Commission as required by Section 2000e-5(b). The district court granted the dismissal motion, relying upon our decision in Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (1967), as well as the Supreme Court decision in Love v. Pullman Co., 404 U.S. 522 (1971). In the latter case the Court stated:
 
 
 4
 "A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief." (Footnote omitted.) Id., at 523.
 
 
 5
 Since Sims had failed to pursue his administrative remedies prior to the institution of this action, the district court acted properly in granting the dismissal motions.
 
 
 6
 Accordingly, while permission to appeal in forma pauperis is granted, the action of the district court is affirmed.
 
 
 7
 Affirmed.