**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WESTERN METAL SPECIALTY, INC., DIVISION OF WESTERN INDUSTRIES, Defendant.**

Civ. A. No. 75–C–678.

United States District Court,
E. D. Wisconsin.

Nov. 10, 1976.

**50**

Vivien C. Gross, Trial Atty., E. E. O. C., Chicago, Ill., for plaintiff.

Robert E. Schreiber, Jr., Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

Plaintiff, the Equal Employment Opportunity Commission (hereinafter "Commission"), has brought this employment discrimination action under 42 U.S.C. § 2000e, et seq., and alleges jurisdiction under 28 U.S.C. §§ 451, 1343, and 1345. The Commission charges that the defendant employer, Western Metal Specialty, Inc., a Wisconsin corporation engaged in the manufacture of sheet metal products, has intentionally engaged in unlawful employment practices at its Milwaukee facility in violation of § 703 of Title VII by failing to provide leaves of absence to pregnant women on the same basis as leaves of absence are provided to employees for other medical reasons, and for failing to provide benefits and duration of benefits for pregnancy-related absences on the same basis as benefits are provided for other temporary disabilities, all of which is alleged to have the effect of depriving women of equal employment opportunities. Plaintiff seeks a permanent injunction enjoining the defendant from so discriminating, an order requiring the defendant to institute policies and programs which would eradicate the effects of past and present unlawful employment practices, and an order awarding back pay to those persons adversely affected by the allegedly unlawful employment practices. The defendant has moved the court, pursuant to Rule 12(b), F.R.Civ.P., to dismiss the action for lack of subject matter jurisdiction and, in the alternative, to strike, pursuant to Rule 12(f), F.R.Civ.P., the allegation in the complaint regarding the sick leave plan. For the following reasons, defendant's motion to dismiss the action and, in the alternative, to strike certain allegations from the complaint will be denied.

A brief resume of the chronology of the events here is in order. On November 28, 1972, Earlean Sims filed a sex discrimination charge against the defendant employer with the Wisconsin Department of Industry, Labor and Human Relations (hereinafter "DILHR"). On December 11, 1972, a letter from Ms. Sims and a copy of this charge were received at the Commission's

Milwaukee district office. On December 14, 1972, the Commission deferred the matter to DILHR, Division of Equal Rights, for a period of sixty days as required by 42 U.S.C. § 2000e–5(c), which provides:

"In the case of an alleged unlawful employment practice occurring in a State * * * which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice, * * * no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law * * *."

On February 15, 1973, the plaintiff Commission sent notice of the charge, which defendant received on February 16, 1973. On November 4, 1974, the Commission issued a determination letter stating that there was probable cause to believe that certain of defendant's employment practices violated Title VII, and on November 19, 1975, the Commission filed the complaint in this action.

As the basis for its motion to dismiss, the defendant contends that the plaintiff Commission has failed to meet two jurisdictional prerequisites to the maintenance of this action. The first alleged defect is the 10-day requirement found in 42 U.S.C. § 2000e–5(b) that—

"Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer * * * has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge * * * on such employer * * * within ten days * * *."

The second alleged jurisdictional defect is that the Commission did not initiate the instant civil action within the 180-day period prescribed in 42 U.S.C. § 2000e–5(f)(2).[1]

As to the first alleged defect, the 10-day requirement, there is no factual dispute as to whether or not the defendant received actual notice of the charges; the parties agree that defendant was served on February 16, 1973. What is disputed is the legal question of what event tolls the filing of the charge within the meaning of 42 U.S.C. § 2000e–5(b). The plaintiff contends that the charge was filed with the Commission on February 15, 1973, the date the Commission claims it took jurisdiction over the matter from the state agency, DILHR, and thus claims that the defendant was timely served within one day. The defendant asserts that the Commission took jurisdiction over the matter from the state on January 28, 1973, which they compute by adding sixty days to November 28, 1972, the date the complaint was lodged with DILHR. Defendant argues that because more than ten days elapsed from the automatic filing of the charge on January 28, 1973, until defendant was served on February 16, 1973, the jurisdictional requirement was not met.

At the outset, the Court notes that there is no problem with the "automatic" filing of

1. Section 2000e–5(f)(1), 42 U.S.C., provides in pertinent part as follows:

"(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent * * *. * * * If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, *or if within one hundred and eighty days from the filing of such charge or the expiration of any period of* *reference under subsection (c) or (d) of this* *section,* whichever is later, the Commission has not filed a civil action under this action * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. * * *" (Emphasis added.)

a charge by the Commission when prior state proceedings are involved. The U. S. Supreme Court has expressly recognized that the Commission may properly hold a complaint in suspended animation and automatically file it upon termination of the state proceedings. *Love v. Pullman Co.,* 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). There the Court stated:

"We see no reason why further action by the aggrieved party should be required. The procedure complies with the purpose both of § 706(b), [42 U.S.C. § 2000e–5(b)] to give state agencies a prior opportunity to consider discrimination complaints, and of § 706(d), [42 U.S.C. § 2000e–5(d)] to ensure expedition in the filing and handling of those complaints. The respondent makes no showing of prejudice to its interests. To require a second 'filing' by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality."

■ The question here is whether the statutory scheme requires that the period automatically tolled is necessarily only sixty days in duration and, if so, whether that sixty days is necessarily tolled from the date the state agency assumed jurisdiction. I do not find it necessary to reach the latter question. A reading of 42 U.S.C. § 2000e–5(b) alongside the remainder of § 2000e–5 reveals that the requirement that the Commission defer to an appropriate state agency where one exists, for a 60-day period, is a *minimal* requirement. Section 2000e–5(c) provides only that the Commission must allow the state or local agency with employment enforcement powers a minimal time period, at least sixty days, within which the state agency exerts sole jurisdiction over a discrimination charge. Likewise, § 2000e–

5(d),[2] which deals with cases where complaints are initiated with the Commission and there is a state employment enforcement agency, contemplates that the Commission shall notify the state agency and upon request "afford them a reasonable time, but not less than sixty days." The concern in this section, read as a whole, is to provide a minimum period for state review in those states which have established an enforcement agency in employment discrimination matters. As the Court indicated in *Love v. Pullman,* supra, the purpose of the section would not be served by the addition of procedural requirements, particularly where, as here, the respondent makes no showing of prejudice to its interests. Accordingly, the Court finds that the plaintiff Commission did not take jurisdiction in this matter until February 15, 1973, and promptly notified the defendant of the charges on February 16, 1973, pursuant to 42 U.S.C. § 2000e–5(b).

■ The defendant's alleged second jurisdictional defect is that the Commission failed to file suit within 180 days after the filing of charges, pursuant to 42 U.S.C. § 2000e–5(f)(1). Four circuit courts have considered the matter and have concluded that the above section is not a bar to Commission enforcement action after 180 days. See *E. E. O. C. v. E. I. duPont de Nemours and Company,* 516 F.2d 1297 (3rd Cir. 1975); *E. E. O. C. v. Cleveland Mills,* 502 F.2d 153, 159 (4th Cir. 1974), cert. denied, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975); *E. E. O. C. v. Louisville & Nashville R. R. Co.,* 505 F.2d 610 (5th Cir. 1974); and *E. E. O. C. v. Kimberly-Clark Corporation,* 511 F.2d 1352 (6th Cir. 1975). In the latter case, the Court stated at pages 1356–1357:

"* * * We find in the 1972 amendments no express 180-day limitation on the EEOC's right to sue, and we will not

---

2. Section 2000e–5(d), 42 U.S.C., states:

"(d) In the case of any charge filed by a member of the Commission alleging an unlawful employment practice occurring in a State or political subdivision of a State which has a State or local law prohibiting the practice alleged and establishing or authorizing a · State or local authority to grant or seek relief

from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, the Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days * * *."

imply a requirement that would merely delay or frustrate the Commission's authority to seek judicial enforcement of Title VII."

This Court is persuaded by the great weight of authority that the 180-day limit does not bar the Commission's suit here.

■ The defendant has also moved to strike allegation 7(a) of the complaint which charges that defendant's sick leave policy violates Title VII as being outside the scope of the charge filed and as not being subjected to statutorily specified administrative procedures. The issue here is the relatedness of the sick leave policy to the charge filed with the Commission. The plaintiff Commission has argued, and I think correctly so, that paragraph 7(a) relates to the complainant Sims' charge. In her charge Sims states:

" * * * I was scheduled to go on maternity leave October 31 * * *. * * * The nurse also told me that I was not eligible for any benefits during my maternity leave. I believe this is discrimination because of my sex * *."

Her charge challenges the manner in which defendant treats maternity and, therefore, parallels the complaint. The allegations in a Title VII complaint are to be treated liberally. The Courts have almost uniformly held that the allegations of a Title VII complaint are not limited to the specific allegations of discrimination made in the charge on which the complaint is based. *Tipler v. duPont Co.,* 443 F.2d 125 (6th Cir. 1971); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970). The seventh circuit has held that a single charge under Title VII may "launch a full scale inquiry" into the defendant's employment practices. *Motorola v. McClain,* 484 F.2d 1339 (7th Cir. 1973). For those reasons, the motion to strike paragraph 7(a) from the complaint is denied.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss the action and, in the alternative, to strike certain allegations from the complaint be and it hereby is denied.