**Doris M. WATSON, Plaintiff,**

v.

**MAGEE WOMENS HOSPITAL, Defendant.**

Civ. A. No. 76–1136.

United States District Court, W. D. Pennsylvania.

Oct. 21, 1977.

582

William S. Hays, Pittsburgh, Pa., for plaintiff.

Robert H. Shoop, Jr., Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

Plaintiff, Doris M. Watson, filed this suit on September 7, 1976, alleging that defendant, Magee Womens Hospital, discharged her on June 17, 1973 due to discrimination based on her sex and that the defendant has also discriminated against her by refusing reemployment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e–5(f) and 28 U.S.C. §§ 2201 and 2202.

Presently before this court is defendant's motion to dismiss filed October 4, 1976.

Oral arguments were heard, and memoranda have been filed by both parties.

Defendant has four theories under which its motion to dismiss is premised. We will deal with each separately.

## I

### Failure of Plaintiff to Allege Exhaustion of State Remedies

■ Defendant contends, and rightly so, that the complaint fails to allege specifically either that the plaintiff has filed a charge with a local or state agency or that the Equal Employment Opportunity Commission ("EEOC") has referred her charge to a state agency as required by 42 U.S.C. § 2000e–5(c).

However, in her reply memorandum, plaintiff has attached as Exhibit "B", a copy of a letter from Howard L. Tucker, Jr. of the Governor's Office, Human Relations Commission, stating that the EEOC had deferred plaintiff's charge to the Human Relations Commission on February 6, 1974 and that the Commission lacked jurisdiction because of the expiration of the ninety day statute of limitations. This letter indicates compliance with Section 2000e–5(c). Since the authenticity of this exhibit is not controverted and treating the motion to dismiss as a motion for summary judgment, we hold that regarding this issue, jurisdictional requirements have been met. *Baker v. California Land Title Co.*, 349 F.Supp. 235 (C.D.Cal.1972), affirmed on other grounds 507 F.2d 895 (9th Cir. 1974); see *De Gideo v. Sperry Univac Co.*, 415 F.Supp. 227 (E.D.Pa.1976). The Supreme Court in *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) specifically validated the EEOC policy of deferring to the state agency as complying with the requirements of Section 2000e–5(c).

## II

### Untimely Filing with the EEOC

■ According to the complaint, plaintiff was terminated on June 17, 1973 and according to the affidavit of James S. Bukes, District Counsel for the Pittsburgh Office of the EEOC, filed her charge of discrimination with the EEOC on November 16, 1973, within 180 days from date of the alleged discrimination as required by Section 2000e–5(e) of the Civil Rights Act. Defendant suggests that a person cannot "file" a charge with the EEOC until a local or state agency has had sixty days in which to act upon the charge. Defendant reaches the conclusion that plaintiff's charge with the EEOC should not have been "filed" until January 16, 1974, more than 180 days following her discharge.

Title 29 C.F.R. § 1601.11(b) (1971) provides:

> "[A] charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of . . ."

The above regulation is unambiguous, and the Supreme Court held in *Love, supra,* that for purposes of the Act, a charge is filed with the EEOC prior to exhaustion of state remedies if the EEOC refers it to the state agency. As the Court in *Love, supra,* at 526, 92 S.Ct. at 619 stated:

> "To require a second 'filing' by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality."

The Third Circuit has approved such ricochet interagency reference. *International Brotherhood of Electrical Workers v. United States Equal Employment Opportunity Commission,* 398 F.2d 248, 249 (3d Cir. 1968), cert. den. 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565.

The instant case involves a valid charge filed with the EEOC after the state's ninety day statute of limitation. Judge Edward Dumbauld of this court held in *Bradford v. Peoples Natural Gas Co., Inc.,* 60 F.R.D. 432 (W.D.Pa.1973) that the forwarding by the EEOC of a charge to the appropriate state agency, even outside of the state's ninety

day limit satisfied the requirements of Section 2000e–5. See *De Gideo, supra.*

## III

### *Scope of the Complaint*

Defendant insists that the allegation in plaintiff's complaint of discriminatory refusal of reemployment is beyond the jurisdiction of this court since that specific allegation was not included in the charge filed with the EEOC.

■ It is a familiar rule that the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970); *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394 (3d Cir. 1976). Allegations in a judicial complaint filed pursuant to Title VII "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D.Ga.1968).

■ We hold that under the circumstances alleged here, an allegation of refusal to rehire based on sex discrimination may reasonably be expected to grow out of, and is related to, an allegation of discharge based on sex discrimination.

## IV

### *Notice of Charge*

■ On May 8, 1974 the EEOC notified defendant of the existence of plaintiff's charge which had been filed with the EEOC on November 16, 1973.

In 1972 Title VII was amended, and a requirement was added compelling the EEOC to notify a party of any charge filed against it within ten days after the filing of the charge. 42 U.S.C. § 2000e–5(b). While the EEOC failed to notify defendant within the ten day period, we can see no justification for denying a private individual access to federal court because of a delay on the part of a governmental agency. *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir. 1975) cert. den. 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176.

## V

### *Exemplary Damages*

■ Plaintiff is requesting, among other things, exemplary damages. While Title VII provides for recovery of back pay and other equitable relief (Section 2000e–5(g)), punitive damages are not recoverable under the statute. *Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977). Therefore, the prayer for exemplary damages must be stricken.

An appropriate order will be entered.