**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**VELSICOL CHEMICAL CORPORATION, Defendant.**

**Civ. No. 82–2124–W.**

United States District Court, W.D. Tennessee, W.D.

Nov. 28, 1984.

George C. Bradley, Acting Supervisory Trial Atty., R. Faye Austin, Sr. Trial Atty., E.E.O.C., Memphis, Tenn., for E.E.O.C.

Stephen Biller, Memphis, Tenn., for Velsicol Chemical.

## ORDER

WELLFORD, Circuit Judge, Sitting by Designation.

### I.

This action was filed by plaintiff, Equal Employment Opportunity Commission (EEOC), on February 18, 1982, charging defendant, Velsicol Chemical Corp., with violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. On March 15, 1982, defendant filed a motion to dismiss and/or in the alternative for a more definite statement and/or in the alternative to strike part of the pleadings and/or in the alternative for judgment on the pleadings. This Court heard oral arguments on July 30, 1982, and on August 11, 1982, denied defendant's motion, reserving for later determination the issue of whether plaintiff properly assumed jurisdiction over the charges underlying this action.

In January 1983, plaintiff moved this Court to enter default judgment, defendant never having answered the complaint. This motion was referred to a magistrate, who on March 7, 1983, entered his recommendation denying the motion. Exceptions were duly filed by plaintiff on March 17, 1983. After carefully considering both the issue reserved for later determination in this Court's order of August 11, 1982, and the motion for default judgment, this Court adopts the recommendation of the magistrate denying the motion. Further, this Court is of the opinion that plaintiff properly assumed jurisdiction over this action, and therefore defendant's March 15, 1982 motion is denied *in toto*. Defendant will accordingly answer the complaint within twenty (20) days of the filing date of this order.

### II.

Section 706(c) of Title VII provides in part:

> In the case of an alleged unlawful employment practice occurring in a State, ... which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ... no charge may be filed ... by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such sixty-day period have been earlier terminated,
> ....

42 U.S.C. § 2000e–5(c).

In the present case, plaintiff concededly asserted jurisdiction over the charges filed with it prior to the expiration of the prescribed 60 day period, even though Tennessee is a deferral state within the meaning of section 706(c). Plaintiff asserts that it was justified in doing so, due to a "worksharing agreement" entered into with the state agency (i.e. the Tennessee Commission for Human Development).

It cannot be disputed that the charges initiated by Mr. Bobo were timely filed with both the EEOC and the state agency. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) (filing with EEOC satisfies state agency filing requirement when forwarded by EEOC to state agency). The only question is whether plaintiff should have waited sixty days following the filing with the state agency before beginning its proceedings. Because

plaintiff admittedly did not wait the required sixty days, it could only initiate its proceedings if the state had "terminated" the proceedings commenced before it. Because of the relevant language contained in the worksharing agreement, this Court concludes that the state agency initially waived its jurisdiction over the charges made by Mr. Bobo, and thereby "terminated" its proceedings for purposes of section 706(c). Plaintiff therefore properly initiated its own proceedings.

The worksharing agreement provides in Part III. B. that the state agency may elect to waive jurisdiction over any charge, and will thereafter "so inform the EEOC as soon as possible, but not later than ten (10) days from the date that the charge will have been received by the [state agency], so that the EEOC may exercise jurisdiction *within the 60 day deferral period, ....*" (Emphasis added). Part III. C. goes on to state:

> The EEOC will initially process the following categories of charges:
>
> 1. All deferred and waived charges provided in III B. above.
>
> \*    \*    \*    \*    \*    \*
>
> 8. Any charge alleging retaliation for activities protected by Section 704(a) of Title VII, except charges alleging retaliation for filing a charge with the TCHD.
>
> 9. All charges initially received by EEOC's Memphis District Office and the Nashville Area Office.

Here, two charges were filed *initially* with plaintiff. Also, one charge was for retaliatory conduct. Thus, both charges are governed by paragraph 9 of Part III. C., set out above, and one of the two charges is also governed by paragraph 8. The state agency, construing Parts III. B. and C. together, therefore waived jurisdiction over these charges and effectively "terminated" its proceedings for purposes of section 706(c). Such an interpretation of the worksharing agreement is consistent with the Supreme Court's holding in *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). It is accordingly held

that the EEOC properly exercised jurisdiction over these charges.

### III.

Due to the fact that this Court reserved ruling on the issue discussed above, which if decided in defendant's favor would have resulted in a dismissal of the action, it is concluded that entry of default judgment would be inappropriate. Plaintiff's motion is therefore DENIED, and defendant is instructed to file its answer within twenty (20) days.

### IV.

It is so ORDERED.