# CIRCUIT COURT OF FREDERICK COUNTY

Kathy Miller

v.

Miller Auto Sales, Inc.

Case No. (Law) 98-29

Cheryl Horsley

v.

Miller Auto Sales, Inc.

Case No. (Law) 98-30

July 30, 1999

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on March 22, 1999, on the Defendant Miller's Motion to Dismiss Counts I and II of the Motion for Judgment on the ground that the Court lacks subject matter jurisdiction because the Plaintiff failed to file a discrimination charge with the Virginia Council on Human Rights. David G. Racer, Esquire, appeared for the Plaintiffs; and Brad D. Weiss, Brenda H. Harbison, and James A. Klenkar, Esquires, appeared for the Defendant Miller Auto Sales.

Upon consideration whereof, it appears to the Court that in order to be able to file a Title VII action alleging sexual harassment, the plaintiff must first exhaust her administrative remedies so that her claim can be investigated and an attempt made to eliminate the complaints through reconciliation. 42 U.S.C. § 2000e.

In these cases the Plaintiffs filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging sexual harassment in the work place. The EEOC and the Virginia Council on Human Rights (VCHR) have a work sharing agreement, which is designed to eliminate duplicative investigation and conciliation efforts by the state and federal agencies charged with investigation claims of sexual harassment. Pursuant to the work sharing agreement, the EEOC sent a copy of the Charges of Discrimination in this case to the VCHR indicating that the EEOC would be investigating the charges. The VCHR signed the form and checked the box on the form thereby indicating that "This will acknowledge receipt of the referenced charge and indicate this Agency's [VCHR] intention not to initially investigate the charge."

Under the worksharing agreement between the EEOC and the VCHR, each agency has agreed that the other is their agent for the proposes of receiving and drafting charges.

These cases were investigated by the EEOC, and each Plaintiff has received a Right to Sue Letter. Relying on recent Federal District Court and Fourth Circuit cases, the Defendants have filed a motion to dismiss based on the fact that 42 U.S.C. 2000e-5(c) requires that the claimant could not seek relief from the EEOC until sixty days after she has commenced proceedings with the VCHR.

The scope of this civil action is confined by the scope of the administrative investigation. *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981). Courts liberally construe the bases for EEOC charges. *See e.g. Sanchez v. Standard Brands*, 431 F.2d 455, 464 (5th Cir. 1970) (charging party's failure to attach the correct legal label to the allegations is a mere technical defect).

In *Equal Employment Opportunity Commission v. Commercial Office Products*, 486 U.S. 107, 100 L. Ed. 2d 96 (1988), the Supreme Court of the United States was presented with a procedural case like that of the case at bar, and it held that, where a state agency waived its sixty day deferral period pursuant to a work sharing agreement between the EEOC and the State, that was deemed a termination of the state proceeding, so that the EEOC could proceed with its investigation and conciliation efforts. The Supreme Court noted that "a state agency 'terminates' its proceedings when it declares that it will not proceed ...." *Id.* at 106. *Commercial Office Products* controls the result in this case, and the Defendants' motion shall be dismissed. *See also Love v. The Pullman Co.*, 404 U.S. 522, 30 L. Ed. 2d 679 (1972) (state administrative proceeding may be initiated by EEOC).

Because of the state deferral provisions, Title VII charges have a dual track procedure comprised of both state and federal responsibilities, and it is the dual and overlapping nature of these responsibilities which precipitated the worksharing agreement between the EEOC and the VCHR. "The first [sixty day state deferral] hiatus is designed to give state administrative agencies an opportunity to invoke state rules of law." *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 825, 108 L. Ed. 2d 834, 841 (1990). In these cases, the VCHR was given the opportunity to undertake the initial investigation under the worksharing agreement, and they declined that opportunity.

Therefore, it is adjudged and ordered that:

1. Defendant's Motion to Dismiss Counts I and II of the Motion for Judgment is denied.

2. Defendant's Motion to Stay further proceedings in these cases pending an anticipated ruling by the United States Court of Appeals for the Fourth Circuit on the procedural issues addressed in this order is denied.