Rosalyn NOAKS, Plaintiff–Appellant,

v.

OHIO LOTTERY COMMISSION, et al., Defendants–Appellees.

No. 00–4505.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Rosalyn Noaks appeals a district court grant of summary judgment for defendants in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Noaks filed her complaint pro se in the district court alleging that she was denied a promotion in her job with the defendant state agency in 1996 because of her gender. Plaintiff named as defendants the state agency for which she works, the Ohio Lottery Commission, and six current and former Ohio Lottery officials and sought compensatory and punitive damages. The parties consented to conduct the case before the magistrate judge, and filed cross-motions for summary judgment, responses in opposition, and replies. The magistrate judge granted defendants' motion and entered summary judgment for defendants. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff: (1) reiterates her claim that she was denied a promotion based upon her sex; (2) contends that she experienced discrimination in retaliation for having filed a charge with the Ohio Civil Rights Commission; and (3) asserts that the district court should have construed her complaint to allege a civil rights claim. Defendants respond that plaintiff's claims on appeal lack merit.

Upon de novo review, see *Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the magistrate judge in the decision and order filed November 13, 2000. First, the district court properly rejected plaintiff's claims against the individual defendants under Title VII because those defendants are not included within the statutory definition of "employer" under Title VII and related civil rights statutes, and therefore cannot be held personally liable for alleged discrimination. See *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997). Although plaintiff met her initial burden of proving a prima facie case of promotion discrimination with respect to the defendant agency, see *Brown v. Tennessee*, 693 F.2d 600, 603 (6th Cir.1982), plaintiff did not show that this defendant's nondiscriminatory reasons for not promoting her were false and that the adverse employment action was attributable to discrimination. See *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Plaintiff's remaining claims on appeal lack merit. First, plaintiff did not allege either a retaliation claim under Title VII or a civil rights claim under 42 U.S.C. § 1983 in her complaint. Further, the district court lacked subject matter jurisdiction over plaintiff's retaliation claim because she did not first pursue administrative relief in her complaint before the Ohio Civil Rights Commission. See *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991) (citing *Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). Any § 1983 claim that could be construed against the individual defendants was barred under the applicable statute of limitations. See

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

*LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir.1995). Nonetheless, it is noted that plaintiff established no constitutional violation in this case in any event.

For the foregoing reasons, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.