Keith NORRIS, Plaintiff–Appellant,

v.

DIAKIN DRIVETRAIN COMPONENTS, Defendant–Appellee.

No. 02–5393.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.[*]

*ORDER*

Keith Norris, a Tennessee resident proceeding pro se, appeals the district court order dismissing his discrimination action filed under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Norris sued Diakin Drivetrain Components (DDC) and seven of its employees. He alleged that he was subjected to same-sex sexual harassment by his co-workers. The magistrate recommended dismissing Norris's claims against his co-workers for failure to state a claim, finding that the co-workers could not be held liable under Title VII. Norris did not file objections. The district court adopted the magistrate judge's report and dismissed those claims. DDC moved to dismiss Norris's complaint for lack of subject matter jurisdiction, asserting that Norris failed to file a discrimination charge alleging same-sex sexual harassment with the Equal Employment Opportunity Commission (EEOC) before filing suit in the district court. The district court granted the motion and dismissed the case.

In his timely appeal, Norris argues that: (1) the conduct of co-workers does not have to be motivated by sexual desire in order to violate § 2000e–2(a)(1); and (2) DDC violated the Fair Labor Standards Act.

Initially, we note that Norris does not argue that the district court erred by dismissing his claims against the individual defendants. Accordingly, he has waived those claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a district court's decision to dismiss for lack of subject matter jurisdiction. *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir. 1991). "In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief." *Id.* at 545 (citing *Love v. Pullman Co.,* 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). A Title VII plaintiff is limited to the allegations in his EEOC complaint and any charges reasonably expected to grow out of the charge of discrimination. *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992).

Upon review, we conclude that the district court properly dismissed Norris's complaint for lack of subject matter jurisdiction. Norris worked as a tool and die maker from January 2000 until he re-

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

signed on March 13, 2001. According to his complaint, his male co-workers verbally harassed him, left derogatory notes for him, and poisoned his soft drink because he is gay. Norris filed a discrimination charge with the Tennessee Human Rights Commission and the EEOC on October 9, 2001, alleging that he was discriminated against because of his sexual orientation. The EEOC dismissed the charge and issued Norris a right-to-sue letter on October 12, 2001. Norris filed his district court complaint on December 21, 2001, alleging same-sex sexual harassment.

The allegations in Norris's complaint are not the same as the allegations in his EEOC complaint, and are not charges reasonably expected to grow out of his EEOC charge. *See Haithcock*, 958 F.2d at 675. The courts draw a clear distinction between discrimination charges based on sexual orientation and those based on same-sex sexual harassment. Discrimination based on sexual orientation is not actionable. *See, e.g., Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3rd Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1126, 151 L.Ed.2d 1018 (2002). Title VII does, however, provide a cause of action for same-sex sexual harassment. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Norris's EEOC charge alleged discrimination based on sexual orientation, while his district court complaint alleged same-sex sexual harassment. Because Norris is limited to the allegations in his EEOC charge, the district court properly held that the court lacked jurisdiction over Norris's same-sex discrimination claim. Norris did not pursue administrative relief on his same-sex sexual harassment claim before filing suit in federal court. *See Ang*, 932 F.2d at 545.

Norris's arguments on appeal are inapposite. First, the district court dismissed his complaint not for lack of proof but for lack of exhaustion. Second, Norris did not invoke the Fair Labor Standards Act in the district court. Absent exceptional circumstances, this court does not address legal issues not raised in the district court. *See Enertech Elec., Inc.*, 85 F.3d at 261. There are no exceptional circumstances in this case.

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.