**Dorothy MITCHELL, Plaintiff–Appellant,**

v.

**PER–SE TECHNOLOGIES, INC.,
Defendant–Appellee.**

No. 02–6264.

United States Court of Appeals,
Sixth Circuit.

May 13, 2003.

Before GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

Dorothy Mitchell, a Tennessee resident, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a) and 2000e–3(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 26, 2002, Mitchell filed a complaint against Per–Se Technologies, Inc. ("Per–Se") alleging that Per–Se (1) discriminated against her by creating a hostile work environment, and (2) retaliated against her after she complained to management about the alleged discrimination and filed complaints with the Equal Employment Opportunity Commission (the "EEOC"). She also alleged that she was discriminated against on the basis of her race, sex, and religion. On March 28, 2002, the district court determined that it lacked subject matter jurisdiction over Mitchell's claims of racial and religious discrimination and granted partial summary judgment to Per–Se. On September 10, 2002, summary judgment for Per–Se was granted on the remaining claims. This appeal followed.

This court reviews the district court's award of summary judgment de novo. *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 882 (6th Cir.1996). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the movant points to a lack of evidence concerning an element of the case, the burden shifts to the nonmoving party to bring forth significant evidence

which shows that there is a genuine issue of material fact to be resolved at trial. *Gaines v. Runyon,* 107 F.3d 1171, 1174–75 (6th Cir.1997). "There is no issue for trial unless there is sufficient evidence in favor of the non-moving party for a jury to return a verdict for that party." *Id.* at 1174.

Upon review, we conclude that the district court properly dismissed Mitchell's race and religious discrimination claims for lack of subject matter jurisdiction. This court reviews de novo a district court's decision to dismiss for lack of subject matter jurisdiction. *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir.1991). "In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief." *Id.* at 545 (citing *Love v. Pullman Co.,* 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). A Title VII plaintiff is limited to the allegations in the EEOC complaint and any charges reasonably expected to grow out of the charge of discrimination. *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992). The allegations in Mitchell's complaint are not the same as the allegations in her EEOC complaint. Moreover, the scope of the investigation reasonably expected to grow out of Mitchell's EEOC charge does not include race or religious discrimination claims. *Id.*

The district court properly dismissed Mitchell's hostile environment claim for the reason stated by that court. The statute of limitations period for Title VII actions after an EEOC complaint is filed is 300 days. *See* 42 U.S.C. § 2000e–5(e)(1). "In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2075, 153 L.Ed.2d 106 (2002). The last act that Mitchell alleges that could be construed as sexual harassment occurred on December 1, 1999. Thus, the statute of limitations period ran on September 26, 2000. Since Mitchell did not file her charge with the Tennessee Human Rights Commission until November 22, 2000, her hostile environment claim is barred under the statute of limitations period.

Finally, the district court properly granted summary judgment in favor of Per–Se with respect to Mitchell's retaliation claim. In order to establish a prima facie case of retaliation, the plaintiff must prove that: "(1) [s]he engaged in activity protected by Title VII; (2) the exercise of [her] civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir.2000).

Mitchell failed to establish a prima facie case of retaliation, as she failed to establish that a causal connection existed between her participation in protected activity and the termination of her employment. Causation may be inferred from such factors as temporal proximity and differential treatment of similarly situated comparators. *Id.* More than a year lapsed between Mitchell's call to Compliance regarding alleged co-worker harassment and Mitchell's discharge. As a result, Mitchell cannot demonstrate proximity as a factor to determine causation. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (holding that temporal proximity is sufficient to establish causation only when "very close").

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.