Cheryl J. SARACINO, Appellant

v.

**State of NEW JERSEY DEPT. OF UI/DT FINANCE c/o Mr. William Farrell Chief.**

No. 06–2609.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 3, 2007.

Filed Oct. 9, 2007.

Cheryl J. Saracino, Bloomfield, NJ, pro se.

Jeffrey R. Caccese, Office of Attorney General of New Jersey Department of Law and Public Safety, Trenton, NJ, for State of New Jersey Dept. of UI/DT Finance.

Before: FISHER, ALDISERT and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Cheryl Saracino worked at the New Jersey Department of Labor, Division of Unemployment and Disability Insurance ("the Department") for 24 years. On April 22, 2003, she was terminated. On March 5, 2004, she filed a complaint in the United States District Court for the District of New Jersey. In the complaint, she claimed that the Department violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by discriminating against because of her sex and her religion and retaliating against her for a sexual harassment complaint that she had filed in 1995 or 1996. Attached to the complaint is a New Jersey Division of Civil Rights form for filing a discrimination charge. It has been filled out echoing the charges in Saracino's complaint. However, it is unclear whether she ever filed it.[1]

. The Department was served with the complaint on March 31, 2004. On July 13, Saracino filed a motion for a default judgment. The next day the Department requested an extension of time to file an answer. The District Court granted the extension and denied Saracino's motion. At the close of discovery, the Department filed a motion for summary judgment, which was granted.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over an order granting a motion for summary judgment. See Kelly v. Drexel University, 94 F.3d 102, 104 (3d Cir.1996). Summary judgment is appropriate when the record shows that there is no need for a trial because "there is no genuine issue of material fact and [ ]the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir.1999).[3]

1. The administrative charge was attached to her federal court complaint and dated the same day she filed her suit in federal court. There appears to be no evidence that she submitted the charge to the Division of Civil Rights.

2. The Department moved to dismiss this appeal for lack of jurisdiction because Saracino filed her notice of appeal 53 days after the District Court entered its order granting summary judgment. See FED. R.APP. P. 4(a)(1)(notice of appeal must be filed within 30 days of the entry of judgment). However, because the District Court order was not set forth on a separate document as required by FED. R.CIV.P. 58(a)(1), its judgment was not deemed entered until 150 days after it was issued. See FED. R.APP. P. 4(a)(7)(A)(ii). Therefore Saracino's notice of appeal was timely. See FED.R.CIV.P. 4(a)(2); In re Cendant Corp., 454 F.3d 235, 245 (3d Cir.2006).

3. Saracino also challenges the District Court's denial of her motion for a default judgment. However, considering that the Division requested an extension of time immediately after Saracino filed her motion and she was not prejudiced by the delay in answering, we find that the District Court did not abuse its discretion in denying her motion. See Chamber-

Prior to bringing a Title VII suit in federal court, a civil rights plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *See e.g. Love v. Pullman,* 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Generally a complainant must file her charge with the EEOC within 180 days. *EEOC v. Commercial Office Products Co.,* 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). However, if "a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days." *Id.* New Jersey is such a state. *See Cardenas v. Massey,* 269 F.3d 251, 255 (3d Cir.2001). Thus, in order to proceed with her lawsuit, Saracino had to have filed a charge with the EEOC or the New Jersey Division of Civil Rights within 300 days of the unlawful discrimination of which she complains.

The latest date on which this unlawful discrimination could have occurred is April 22, 2003, when she was terminated. Thus, the discrimination occurred at least 318 days before she filed her charge. Because she failed to properly exhaust her administrative remedies prior to filing her suit in District Court the Division was entitled to judgment as a matter of law. Accordingly, we will affirm the District Court's judgment.[4]

*lain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000)

4. Appellant's motion for oral argument is denied.