**Reginald WOOLERY, Plaintiff,**

v.

**Nicholas F. BRADY, Secretary, Department of Treasury, Defendant.**

**No. 89–CV–71094–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 6, 1990.

Sherman Sharpe, Jr., Detroit, Mich., for plaintiff.

Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODS, District Judge.

Plaintiff brought the instant suit alleging discrimination in employment in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, on the basis of his race, his sex, and his physical handicap. The case is before the Court on defendant's Motion for Summary Judgment.

### I.

Plaintiff is a Program Systems Computer Analyst with the Internal Revenue Service Detroit Computing Center. In May of 1987, plaintiff applied for the position of Supervisory Computer Systems Analyst. Fourteen candidates, including plaintiff, were qualified as eligible for the position. These candidates were then ranked by a ranking panel, and those candidates who received a score of 21 or higher from the panel were classified as "Highly Qualified." The top five candidates, each of whom received a score of 23 or higher, were classified as "Best Qualified," and these five individuals were interviewed by the Selecting Official. A white female, aged 43, was chosen for the Supervisory Computer Systems Analyst position.

Plaintiff received only an 18 from the ranking panel, and, accordingly, he was not interviewed by the Selecting Official for the position. After pursuing and exhausting his administrative remedies as to the non-selection, plaintiff filed the instant complaint, alleging that his non-selection was due to unlawful discrimination. The government has now filed this motion.

### II.

In order to establish a *prima facie* case under *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, plaintiff must establish that he was a member of a protected group, that he was not selected for a position for which he applied and for which he was qualified, and that the employer selected another candidate not a member of the protected group. The government con-

cedes, for the purposes of this motion[1], that plaintiff has sustained this initial burden.

Accordingly, the defendant must articulate a legitimate, nondiscriminatory reason for its hiring decision, and the final burden shifts to the plaintiff to demonstrate that the articulated reason is pretextual. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). "The ultimate burden of proving that discrimination against a protected group has been caused by a specific employment practice remains with the plaintiff *at all times." Gagne v. Northwestern Nat. Ins. Co.,* 881 F.2d 309 (6th Cir.1989), quoting *Wards Cove Packing Co. v. Atonio,* — U.S. —, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989) (emphasis in original).

■ In the instant case, the agency's stated reason for not selecting plaintiff for the position of Supervisory Computer Systems Analyst is that plaintiff failed to make the "Best Qualified" list of candidates, and thus his name was not even furnished to the Selecting Official. The government claims that the Selecting Official's determination to choose someone other than the plaintiff could not have been based on an impermissible motive inasmuch as plaintiff's name simply was not among those furnished to the Selecting Official.

In order to have been rated as "Best Qualified," plaintiff would have had to obtain higher scores on either or both of two previous evaluations performed by the defendant agency: the Job Element Appraisal (administered in February of 1987) or the Report of Managerial Potential (administered in June of 1987). Plaintiff received only "unremarkable" scores on these two evaluations, and based on that fact, he received a score of only 18 on the selection ranking. Therefore, his name was never furnished to the Selecting Official as an appropriately "Best Qualified" candidate to be interviewed for the Supervisory Computer Systems Analyst position.

The Court finds that this is a legitimate, nondiscriminatory reason for the Selecting Official's failure to choose plaintiff for the supervisory position, as well as for the ranking panel's failure to recommend him to the Selecting Official. Plaintiff has raised no evidence to show that this reason is pretextual, or that the Selecting Official or ranking panel's decision was otherwise tainted with discriminatory animus. Accordingly, plaintiff has failed to carry his burden of showing that his non-selection was due to unlawful discrimination.

### III.

■ Plaintiff next claims that those previous evaluations were tainted by discrimination, and thus that they tainted the selection ranking. However, it appears that plaintiff has failed to exhaust his administrative remedies with respect to the two previous evaluations. Each of the evaluations was shared with plaintiff at the time of its preparation, as evidenced by plaintiff's signature and date on the evaluation forms. Plaintiff did not challenge either evaluation, however, until September 17, 1987, after his non-selection for the supervisory position.

Courts have held that the obligation to challenge a performance appraisal that is allegedly discriminatory arises at the time that the evaluation is issued to the employee, and a discrimination complaint is untimely if the allegation is later raised outside the limitations period upon the evaluation's use in a promotion proceeding. *Womack v. Shell · Chemical Co.,* 514 F.Supp. 1062, 1104–05 (S.D.Ala.1981); *Ka Nam Kuan v. City of Chicago,* 563 F.Supp. 255 (N.D.Ill.1983). The reasoning of these cases is that it is the evaluations themselves that are alleged to be discriminatory in the absence of an allegation that they were not considered in an evenhanded fashion in the promotion process.

Other cases have held that the new use of the old discriminatory evaluation is a separate discriminatory act even though the officials responsible for the promotion

---

1. The government notes that it may contest at a later date whether plaintiff has made out a *prima facie* case of age and handicap discrimination.

are unaware of the prior discrimination. *See Stoller v. Marsh*, 682 F.2d 971, 976–79 (D.C.Cir.1982). However, recognizing that this would create a great burden on an employer to re-investigate every factual assertion contained in an employee's file, and recognizing that an employer should be able to rely in good faith on evaluations already in a personnel file, the *Stoller* court placed a limit on an employer's potential liability:

> If established procedures have given an employee a reasonable opportunity to inspect the supervisory evaluations in his or her file, to challenge allegedly inaccurate materials, and to have such materials corrected or removed, and if the organization gives its employees adequate notice that these rights may be exercised, then it may rely in good faith on such evaluations in making subsequent decisions without violating Title VII.

In this case, plaintiff was clearly apprised of the two evaluations at issue at the time of those evaluations, and should have challenged those evaluations at the time if he felt that they were discriminatory. Moreover, under the considerations outlined in *Stoller, supra,* plaintiff clearly had, and knew that he had, the right to access his personnel files and challenge material therein. These rights are outlined in the Department of Treasury's collective bargaining agreement with the National Treasury Employees Union, copies of which are distributed to all employees. Moreover, in 1986, the plaintiff filed a grievance to have a similar document removed from his personnel records. (In fact, in the instant case, plaintiff alleges that the allegedly discriminatory evaluations were issued in part as a reprisal for his having filed this prior grievance).[2] Accordingly, plaintiff clearly had the requisite knowledge of the avenues available to him through which to challenge his appraisal.

Because plaintiff's first contact with the EEOC was not within 30 days of the discussion with him of either evaluation, the in-

stant suit may not encompass the February and June 1987 evaluations on which the disqualifying ranking was based. 29 C.F.R. § 1613.214(a)(1)(i).

For the foregoing reasons, the Court finds that summary judgment is proper due to plaintiff's failure to establish that defendant's articulated reason for his non-selection was pretextual, and due to his failure to exhaust administrative remedies with regard to the evaluations which underlay the non-selection.

So ordered.

---

**2.** The Court notes that it is barred from hearing the retaliation claim by virtue of the fact that plaintiff has never raised it with the EEOC—his only complaints were as to race, sex, age, and handicap. *See Wilcoxson v. United States Postal Service,* 812 F.2d 1409 (1987).