716 A.2d 1071

Janice L. KILLIAN

v.

Charles W. KINZER, et al.

No. 1700, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Sept. 1, 1998.

Donald F. Chiarello (Hochberg, Chiarello & Costello on the brief) Towson, for appellant.

Alan Hilliard Legum (Rebecca B. Brugger and Michael R. Roblyer on the brief) Annapolis, for appellees.

Argued before MOYLAN, SONNER and BYRNES, JJ.

SONNER, Judge.

Appellant, Janice Killian, was terminated form her employment on December 23, 1994. Subsequently, she filed a Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC) against her former employer. On the pre-printed charge form, Mrs. Killian checked the box titled "retaliation," to indicate the basis of her cause of discrimination, but she did not check the box titled "sex." In late August 1995, she received her right to sue letter from the EEOC, in accordance with 42 U.S.C. § 2000e–5(f)(1), and, on November 24, 1995, she filed a complaint in the Circuit Court for Anne Arundel County, alleging wrongful discharge in count one, a violation of Title VII in count two, and a violation of Maryland's Article 49B in count three. On July 11, 1997, appellees, Ms. Killian's former employers, Charles W. Kinzer, individually; Charles W. Kinzer, M.D., P.A.; Peter F. Verkouw, individually; Peter F. Verkouw, M.D., P.A.; John D. Jackson, individually; and Internal Medicine Associates of Annapolis (IMA), filed a motion to dismiss and for summary judgment.[1] Following a hearing on August 1, 1997, the court granted appellees' motion to dismiss on counts one and three and entered summary judgment in favor of appellees on count two. Ms. Killian has appealed the court's decision as to count two only and asks the following questions, which we have reordered and rephrased:

I.    Did the trial court err in limiting the case to the retaliation claim alone?

---

1. Originally, the complaint was filed against a number of additional defendants; however, all but the appellees in this case were dismissed from the case.

II.     Did the trial court err in granting summary judgment where genuine disputes as to material fact exist?

III.    Did the court misapply the determinative factor rule?

We find that the court erred by entering summary judgment against appellant and, accordingly, reverse.

## FACTS

Ms. Killian worked as an office manager for IMA; Doctors Kinzer, Verkouw, and Jackson were physicians at IMA; Kinzer and Verkouw were also partners with IMA. Dr. Kinzer joined the practice in 1987, and Ms. Killian claims that he subjected her to continuous sexual harassment until 1993. In July 1993, Ms. Killian informed Dr. Verkouw of the harassment by Dr. Kinzer toward her and other employees. Dr. Verkouw suggested that she speak with his wife, Mrs. Verkouw, who had recently attended a seminar on sexual harassment. After speaking with Mrs. Verkouw, Ms. Killian wrote a letter to Dr. Kinzer, listing the behavior that she found unacceptable and, on August 2, 1993, she gave Dr. Kinzer the letter. On August 18, Dr. Kinzer wrote a reply to Ms. Killian, apologizing for any behavior that she may have interpreted as inappropriate. Ms. Killian did not make any further allegations or complaints of harassment against Dr. Kinzer.

In the summer of 1994, representatives of IMA began merger discussions with another group of Annapolis physicians, Annapolis Internal Medicine, and they decided to consolidate both groups of physicians into one. The consolidation meant that the merged practices would thereafter need only one office manager. The merger committee chose Charlotte King, the office manager for Annapolis Internal Medicine, instead of Ms. Killian. IMA informed Ms. Killian of the decision at a meeting with the practitioners and told her that she could stay until May 1995, when the physical merger was to take place. A few weeks later, Ms. Killian asked Dr. Verkouw why they chose Ms. King. Dr. Verkouw told her that part of the reason was because of the situation between her and Dr. Kinzer and because her performance had slipped. In

December 23, 1994, IMA discharged Ms. Killian from employment and completed its merger with Annapolis Internal Medicine on January 1, 1995.

## ANALYSIS

### I.

█ Ms. Killian argues that the court erred by limiting her case to the claim of retaliation alone, based on the fact that she had marked only the "retaliation" box on the EEOC charge when her EEOC charge, read as a whole, demonstrated that she also complained of sexual harassment. She acknowledges that she failed to check the box for "sex discrimination" in her EEOC charge, but argues that her statement did describe the sexual harassment and that her case demonstrates a continual course of sexual harassment that closely related to her charge of sex discrimination. We hold that the court did not err by limiting her case.

█ We recognize that an EEOC charge need not be as legally specific as a complaint because the administrative system is meant to allow an average person access to the remedial services of the EEOC. *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); see *Alvarado v. Bd. of Trustees of Montgomery Community College*, 848 F.2d 457 (4th Cir.1988). Often, courts have forgiven a complainant's failure to comply with the procedural requirements of Title VII, even when a complainant fails to name a required party in the EEOC charge, *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 183–84 (D.C.Cir.1974), as long as the complainant has not bypassed the administrative process that serves the statutory purpose of conciliation. *Richerson v. Jones*, 572 F.2d 89, 96 (3rd Cir.1978). Courts have held, however, that a complainant bypasses the administrative process when the complaint attempts to set forth a new charge, not filed in the administrative charge, that is unrelated to or unlike the allegations already filed. *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir.1992); *Prizevoits v. Indiana Bell Tel. Co.*, 882

F.Supp. 787 (S.D.Ind.1995); *Miller v. U.S. F. & G.*, 65 Fair Empl. Prac. Cas. (BNA) 593 (D.Md.1994).

■ Generally, a court can exercise jurisdiction only over claims encompassed within the EEOC charge and claims "like or related to allegations contained in the charge, and growing out of such allegations...." *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992) (quoting *Hill v. Western Electric*, 672 F.2d 381, 390 n. 6 (4th Cir.1982)) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)). "[T]he scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Service*, 665 F.2d 482, 491 (4th Cir.1981). "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charges, as surely as would an initial failure to file a timely EEOC charge." *Nicol v. Imagematrix Inc.*, 767 F.Supp. 744, 752 (E.D.Va.1991) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir.1989)(quoting *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985)).

Here, although Ms. Killian claims that she described her complaint of harassment in her charge, we find that her statement does not describe or assert a hostile workplace. We agree with the trial court that Ms. Killian's EEOC charge stated only that she had been subjected to harassment, which stopped, but that her complaint of harassment led to her termination.

■ Ms. Killian suggests that marking the box was a mere procedural technicality and her failure to comply perfectly with the procedural requirements should not be fatal to her cause of action. *Richerson*, 572 F.2d at 95–96. We find that Ms. Killian's failure, either to describe the harassment or mark the appropriate box, is more than a procedural technicality. Rather, it is a necessary element to the orderly, non-disruptive approach adopted by Congress to resolve employ-

ment discrimination claims because it affects the notice requirements of an EEOC charge. *Smallzman v. Sea Breeze, Inc.,* 60 Fair Empl. Prac. Cas. (BNA) 1031 n. 4 (D.Md.1993).

The charges of retaliation and harassment are not sufficiently interrelated to put appellees on notice. Ms. Killian's EEOC retaliation charge accuses appellees of being intolerant of a legitimate employee complaint, but her complaint of harassment ascribes improper behavior by appellee, based on her sex. Substantively, these claims are unrelated to the administrative investigation conducted by the EEOC and both could have been presented to the EEOC for investigation. Since Ms. Killian did not mark the box alleging harassment or describe the harassment in her EEOC charge, to allow her to assert this new claim would frustrate the goals of the EEOC administrative apparatus, that is, notice to an employer of the charge and an opportunity to resolve the dispute outside a courtroom. We find that the trial court correctly refused to hear this claim. See *Hicks v. Baltimore Gas & Electric Co.,* 829 F.Supp. 791, 794–95 (D.Md.1992).

## II.

Ms. Killian also claims that the court erred in entering judgment in favor of appellees when genuine issues of material fact exist and because it failed correctly to apply the determinative factor test. These issues are related, and so we will address them together.

In reviewing the grant of summary judgment motion, we determine whether the trial court was legally correct. *Heat & Power Corp. v. Air Prods. & Chems., Inc.,* 320 Md. 584, 592, 578 A.2d 1202 (1990). Pursuant to Md. Rule 2–501(e), the trial court grants the motion if

> there is no genuine dispute as to any material fact and [it finds] that the moving party is entitled to judgment as a matter of law. The purpose of the summary judgment procedure is not to try the case or to decide the factual disputes, but to decide whether there is an issue of fact that is sufficiently material to be tried.

*Miller v. Ratner,* 114 Md.App. 18, 26–27, 688 A.2d 976, *cert. denied,* 345 Md. 458, 693 A.2d 355 (1997) (citations omitted).

■ In this case, Ms. Killian claims that appellees discharged her for complaining about sexual harassment. In order to establish a prima facie case of retaliation, in violation of 42 U.S.C. § 2000e–3(a), a plaintiff must show that "she exercised her protected rights, an adverse employment action occurred, and the adverse action was causally related to the plaintiff's protected activities." *Equal Employment Opportunity Commission v. Reichhold Chemicals, Inc.,* 988 F.2d 1564, 1571 (11th Cir.1993) (citation omitted).

Here, it is undisputed that Ms. Killian satisfied her burden of presenting a prima facie case of retaliation. The next step of our analysis in this retaliation case requires that we determine whether Ms. Killian advances this employment discrimination case under a pretext theory or a "mixed-motives" theory, or both.

■ In a pretext case, after the employee establishes a prima facie case, the burden of production then shifts to the defendant to establish non-retaliatory reasons for the employment actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). After the defendant meets that burden, the burden of production shifts back to the employee to prove that the proffered explanations are pretextual. Only the burden of production shifts; the burden of persuasion always remains with the plaintiff. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). At all times the burden of proof, including the burden of proving "but for" causation, remains with the employee. See *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1095–96, n. 4 (3d Cir.1995) (describing difference between the burden shifting framework of pretext cases and mixed-motives cases).

■ In a mixed-motives case, however, the evidence set forth by the employee

is so revealing of retaliatory animus that it is unnecessary to rely on the [pretext case] burden shifting framework, under which the burden of proof remains with the plaintiff. (citations omitted). Rather, the burden of production *and* risk of nonpersuasion shift to the defendant, which must show that, even if retaliation was a motivating factor in the adverse employment decision, it would have made the same employment decision in the absence of retaliatory animus. *Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 512–13 (3d Cir.1997) (describing mixed-motives instruction as defined in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (emphasis in original)). See also *Brandon v. Molesworth*, 104 Md.App. 167, 190–198, 655 A.2d 1292 (1995), aff'd. in part and rev'd in part on other grounds, 341 Md. 621, 672 A.2d 608 (1996) (discussing change in Title VII jurisprudence by Price Waterhouse and adopting plurality analysis, which shifted burden of persuasion to employer that regardless of sex, result would be same). "In short, direct proof of discriminatory animus leaves the employer only an affirmative defense on the question of 'but for' cause or cause in fact." *Starceski*, 54 F.3d at 1096 n. 4.

Ms. Killian asserts that the case before us is a mixed-motives case because Dr. Verkouw gave her three reasons for her termination: 1) the offices were merging and they would need only one office manager; 2) her performance had slipped; and 3) her problems with Dr. Kinzer. Ms. Killian, relying on *Price Waterhouse*, 490 U.S. at 247, 109 S.Ct. at 1788–89, alleges that appellees' decision "was the product of a mixture of legitimate and illegitimate motives, . . . [therefore] it simply makes no sense to ask whether the legitimate reason was '*the* "true reason"' . . . for the decision. . . ." Once an employee "shows that [an improper motive] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed [the improper motive] to play such a role." *Id.* at 244–45, 109 S.Ct. at 1787–88 (footnote omitted). See *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1511 (10th Cir.1997), *cert. denied*, —— U.S. ——, 118

S.Ct. 626, 139 L.Ed.2d 607 (1997) (plaintiff shows that improper reason was a substantial motivating factor when he presents testimony that he was not considered for promotion because of his discrimination complaint.)

The proffered evidence of a retaliatory motive in this case is direct and not circumstantial. Ms. Killian maintains that Dr. Verkouw told her that one of the reasons that she was terminated was because of her problems with Dr. Kinzer. From this statement, the trier of fact can infer that appellees took adverse employment action against Ms. Killian,

> at least in part because [she complained of sexual harassment by Dr. Kinzer] (citations omitted) ... Indeed, proof that an improper motive played a role in the employer's decision is rarely stronger than this. In the face of this kind of direct evidence, [the employer] must ultimately establish, by a preponderance of the evidence, that it would [have terminated appellant] even if a desire to retaliate in no way tainted its decisionmaking.

*Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 893 (7th Cir. 1996) (citations omitted).

At the hearing on the motion for summary judgment in this case, appellees did not sustain this burden; rather, they argued that Ms. Killian was required to show that the adverse action would not have occurred "but for" the protected conduct, and that the retaliatory motive was the determinative factor in the employment decision, and asserted that this standard is the same as that articulated in *Price Waterhouse.* The circuit court agreed with the standard advanced by appellees and found that "the appropriate test is the But For test. If stated another way, I must find ... that discrimination was a determining factor in this discharge. While the deposition shows that there—there was more than one reason for the discharge." Since the appellees gave Ms. Killian two other reasons, aside from the retaliatory reason, the court found that there was no genuine dispute as to any material fact, and granted summary judgment. We find that the court applied the wrong test and erroneously granted summary

judgment, when a genuine dispute as to material fact continued to exist. We note that appellees point out that Ms. Killian conceded at summary judgment that the determinative factor test asserted by appellees was correct. We find that the court was not required to accept this concession, but was, instead, required to apply a correct statement of the law, which it did not do. We therefore undertake a review of the court's decision to determine if it was legally correct.

We agree that the standard here is a "but for" test, but not the test advanced by appellees. Under appellees' "but for" test, the burden of production always remains with the employee. That is not the appropriate test in a mixed-motives case. As was explained in *Price Waterhouse,* the burden of production shifts to the employer once the employee produces evidence

> so revealing of discriminatory animus that it is not necessary to rely on any presumption from the prima facie case ... [the employer] must persuade the factfinder that even if discrimination was a motivating factor in the adverse employment decision, it would have made the same employment decision regardless of its discriminatory animus.

*Armbruster v. Unisys Corp.,* 32 F.3d 768, 778 (3d. Cir.1994) (citing *Price Waterhouse,* 490 U.S. at 244–46, 109 S.Ct. at 1787–88). As we stated earlier, the employer is left with only an affirmative defense on the question of "but for" cause.

Had the court properly applied this standard and required appellees to prove that they would have made the same decision regardless of any retaliatory intent, it would have found that the evidence of a non-retaliatory motive, that appellees needed only one office manager and that Ms. Killian's performance had slipped, succeeds only in placing into dispute the role of the retaliatory motive in terminating her. In cases such as this, "[w]hen the plaintiff has produced direct evidence supporting a strong inference that the employer retaliated, a court must take particular care in evaluating the employer's evidence that it would have made the same decision absent that retaliatory motive." *Veprinsky,* 87 F.3d at

893. While the evidence in the record lends support to appellees' claim, it is not so strong that there is no genuine issue of material fact, "but that the employer would have made the same employment decision even absent the discriminatory motive." *Burns v. Gadsden State Community College,* 908 F.2d 1512, 1519 (11th Cir.1990) (per curiam). In view of the other evidence that Ms. Killian's complaints about Dr. Kinzer contributed to her termination, "whether the [employer] would have [terminated appellant] on lawful grounds was not a question that could [ ] be answered on summary judgment. It is for the factfinder to determine whether a desire to retaliate played a significant role" in Ms. Killian's termination. *Veprinsky,* 87 F.3d at 894; see *Schnidrig v. Columbia Machine,* Inc., 80 F.3d 1406, 1410 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996) (citing *Lam v. University of Hawaii,* 40 F.3d 1551, 1563 (9th Cir.1994) (quoting *Sischo–Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1111 (9th Cir.1991)). The court erred, both in applying the law at the motion for summary judgment and in granting the motion.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEES.**